MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com
E: sofya.davtyan@bankruptcypower.com

Attorneys for Debtor and Debtor-in-Possession,
RedRhino: The Epoxy Flooring Company Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

REDRHINO: THE EPOXY FLOORING
COMPANY, INC.,

Debtor-in-Possession.

Case No.: 2:20-bk-20257-SK

Chapter 11 (Sub Chapter V)

**DEBTOR REDRHINO: THE EPOXY
FLOORING COMPANY INC'S MOTION
TO CONFIRM DEBTOR'S
SUBCHAPTER V CHAPTER 11 PLAN OF
REORGANIZATION; MEMORANDUM
OF POINTS AND AUTHORITIES;
DECLARATIONS OF MICHAEL D.
KENEALY AND SOFYA DAVTYAN IN
SUPPORT THEREOF**

<u>*Plan Confirmation Hearing:*</u>
**Date:**        June 23, 2021
**Time:**        9:00 a.m.
**Courtroom:** 1575
                255 E. Temple Street
                Los Angeles, CA 90012

*[Hearing To Be Held Remotely Via Zoom]*

i

# TABLE OF CONTENTS

Page No.

I. BRIEF FACTUAL

BACKGROUND…………....………………………………………….1

II. PLAN TREATMENT AND VOTING RESULTS ……………………………3

   A. Administrative Expenses and Priority Tax Claims………....…………............3

   B. Classified Claims and Interests ……………………………….................4

III. DEBTOR'S PLAN SATISFIES THE REQUIREMENTS SET
FORTH IN 11 U.S.C. § 1129(a) AND (b) AND
THEREFORE SHOULD BE CONFIRMED ……………………………….5

   A. Requirements of § 1129(a) ………………………………………5

   B. Debtor's Plan Complies with the Applicable
Provisions of Chapter 11 (§ 1129(a)(1)) ………………………………...7

      i. § 1122(a)…………………………………………8

      ii. § 1123(a) (Mandatory Provisions) ………………………………8

         (1) § 1123(a)(1) …………………………………8

         (2) § 1123(a)(2)…………………………………9

         (3) § 1123(a)(3)…………………………………9

         (4) § 1123(a)(4)……………………………….....9

         (5) § 1123(a)(5)…………………………………9

         (6) § 1123(a)(6)…………………………………10

         (7) § 1123(a)(7)…………………………………10

      iii. § 1123(b) (Permissive Provisions) ………………………………10

         (1) § 1123(b)(1) …………………………………10

         (2) § 1123(b)(2)…………………………………10

ii

       (3)    § 1123(b)(3)...................................................11

       (4)    § 1123(b)(4)...................................................11

       (5)    § 1123(b)(5)...................................................11

       (6)    § 1123(b)(6)...................................................11

    iv.    § 1123(c)...........................................................12

C.  Debtor Has Complied with the Applicable
    Provisions of Title 11 (§ 1129(a)(2))...........................................12

D.  Debtor's Plan is Proposed in Good Faith (§ 1129(a)(3)).............................13

E.  Debtor's Plan Provides for Court Supervision of
    Compensation of Professionals (§ 1129(a)(4))....................................13

F.  Debtor's Plan Discloses the Identity of all
    Post-Confirmation Management.....................................................13

G.  Debtor's Plan Does Not Require Approval of Any
    Regulatory Commission (§ 1129(a)(6)).............................................13

H.  Debtor's Plan Meets the Best Interest Test (§ 1129(a)(7)).........................14

I.   Acceptance of Plan By Creditors And Interest Holders (§ 1129(a)(8)...............15

J.   Debtor's Plan Properly Treats Administrative And
    Priority Claims (§ 1129(a)(9))....................................................18

K.  § 1129(a)(10))....................................................................19

L.   Debtor's Plan Satisfies the Requirement of 11 U.S.C § 1191(d)......................19

M.  Debtor's Plan is Feasible (§
    1129(A)(11).......................................................................20

N.  Payment of Fees Due the United States Trustee (§ 1129 (A)(12)).....................20

O.  Debtor has No Obligations for Retiree Benefits (§1129(A)(13))....................21

P.   Debtor has No Domestic Support Obligations (§ 1129(A)(14)) .......................21

iii

Q.  Section 1129(A)(15)..................................................................................21

R.  § 1129 (A)(16) Does Not Apply....................................................................21

IV.  CONCLUSION...............................................................................................22

DECLARATION OF MICHAEL D. KENEALY.....................................................27

DECLARATION OF SOFYA DAVTYAN..............................................................28

iv

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, TO THE UNITED STATES TRUSTEE, TO THE SUBCHAPTER V TRUSTEE GREGORY JONES, AND TO ALL INTERESTED PARTIES:**

I.      **BRIEF FACTUAL BACKGROUND**

On November 16, 2020, Debtor, RedRhino: (the "Debtor"), the Debtor-in-Possession in the above-referenced Chapter 11 case, commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

Debtor is in the business of providing protective coating, overlaying and polished concrete services to the industrial and commercial work spaces.

Debtor does not hold an interest in any real estate. Debtor's personal property assets have a total estimated value of $53,826.27 (see Exhibit-A attached in support of Debtor's Plan of Reorganization for Small Business Under Chapter 11) ("Plan").

Debtor's secured creditors are Pawnee Leasing Corporation with an allowed secured claim amount of $15,926.87 [POC #8] and On Deck Capital with an allowed secured claim amount of $60,000 [no proof of claim has been filed by On Deck Capital; claim is bifurcated into $60,000 secured claim and $90,000 general unsecured claim]. See Exhibit B-1 attached in support of Debtor's Plan.

Debtor's sole unsecured priority creditor is the Internal Revenue Service who has a claim in the amount of $21,169.09. See Exhibit B-2 attached in support of Debtor's Plan.

Debtor's general unsecured creditors hold claims with an estimated aggregate amount of $440,095.45, which consists of various business loans, vendors, and confessions of judgments. See Exhibit B-3 attached in support of Debtor's Plan.

1

On March 31, 2021, Debtor filed its Plan of Reorganization for Small Business Under Chapter 11 (the "SubChapter V Plan") [Docket No. 49]. On May 13, 2021, the Court entered an Order Setting Plan Confirmation Hearing and Related Deadlines [Docket No. 59].

On May 12, 2021, the Court held a Status Conference on Debtor's Plan. the conclusion of the hearing, the Court set the following schedule of dates and deadlines with regards to confirmation of the Plan:

- *May 17, 2021 is the deadline for the Debtor to mail out ballots to all required parties;*

- *May 31, 2021 at 5:00 p.m. is the deadline to return completed ballots to Debtor's Counsel;*

- *May 31, 2021 is the deadline for creditors and/or parties in interest to file preliminary objections to confirmation of Debtor's Plan of Reorganization for Small Business Under Chapter 11;*

- *June 2, 2021 is the deadline for Debtor to file and serve Debtor's Motion to Confirm Plan, including the summary of returned ballots, in support of confirmation of Debtor's Plan;*

- *June 9, 2021 is the deadline for creditors and/or parties in interest to file a response to Debtor's Motion to Confirm Plan;*

- *June 16, 2021 is the deadline for Debtor's Reply to any response to Debtor's Motion to Confirm Plan;*

- *No further briefing will be allowed or considered; and*

- *The Confirmation hearing for Debtor's Plan and the continued status hearing will take place on June 23, 2021 at 9:00 a.m.*

*See* the Scheduling Order Setting Plan Confirmation Hearing Date and Related Deadlines (the "Scheduling Order") [Docket No. 59].

The Ballot form and the Order Setting Confirmation Hearing Date and Related Deadlines

2

1    were mailed to all required parties on May 17, 2021. See Declaration of Peter Garza Regarding

2    Service of the Ballot Form For Accepting or Rejecting Debtor's Plan and the Scheduling Order

3    Setting Plan Confirmation Hearing Date and Related Deadlines filed on June 2, 2021, as docket

4    no.: 73.

5         No preliminary objections to Debtor's Plan have been filed or received.

6         On June 2, 2021, Subchapter V Trustee, Gregory Jones, filed a Statement In Support of

7    Confirmation of Debtor's Plan of Reorganization for Small Business Under Chapter 11 [docket

8    no.: 72].

9

10   **II.    PLAN TREATMENT AND VOTING RESULTS**

11        Debtor's Plan sets forth the following classes and treatment of each class:

12   **A.    ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS**

13

14        i.    Law Offices of Michael Jay Berger (counsel for Debtor): $30,000.00 (estimated

15   claim amount); to be paid in full once approved by the Court. However, Debtor's counsel is

16   agreeable to a payment arrangement if Debtor is unable to pay professional's fees on the

17   Effective Date.

18        ii.    Jennifer M. Liu (Debtor's accountant approved by the Court): $7,500 (estimated

19   claim amount); to be paid in full once approved by the Court. However, Debtor's Accountant is

20   agreeable to a payment arrangement if Debtor is unable to pay professional's fees on the

21   Effective Date.

22

23        iii.    SubChapter V Trustee, Gregory Jones: $7,500 (estimated claim amount); to be

24   paid in 12 installments of $625 per month, with the first payment of $625 due on the Effective

25   Date, followed by 11 consecutive payments until paid in full.

26        iv.    Priority tax claimant of the Internal Revenue Service ("IRS") for $21,169.09.

27

28                                           3

The $21,169.09 is to be paid in full within 5 years from the petition date at the applicable interest rate, currently at 3%. Monthly amortized payment amount is $434.64, with the first payment due on the Effective Date and every month thereafter until the claim is paid in full. See <u>Exhibit B-2</u> for treatment of IRS' claim and the amortization payment summary.

## B.    CLASSIFIED CLAIMS AND INTERESTS

1. **Class #1** – *Debtor Does Not Have Any Priority Class 1 Claims, Excluding Those In Article 3*

2. **Class #2** – *Secured Claims (IMPAIRED)*

***Class 2(A):*** *Secured Claim of Pawnee Leasing Corporation for $15,926.87 by virtue of UCC Financing Lien filed against certain equipment identified in Debtor's Plan.*
*Treatment:* Debtor proposes to pay the $15,926.87 over 60 months at $265.45 per month at 0% interest, with the first payment due on the Effective Date, followed by 59 consecutive monthly payments of $265.45 until the claim is paid in full. See <u>Exhibit B-1</u> of Debtor's Plan for treatment of Pawnee Leasing's claim.
Impaired/Unimpaired: IMPAIRED; VOTED TO ACCEPT DEBTOR'S PLAN.

***Class 2(B):*** *Secured Claim of On Deck Capital by virtue of UCC Financing Statement filed with the Secretary of State on October 28, 2017 secured by all assets of the Debtor, now existing or hereafter acquired.*
*Treatment:* Debtor proposes to pay On Deck Capital $1,000 per month for 60 months as a secured claim, for a total of $60,000 and treat the remaining unpaid balance of the claim, which is estimated at $90,000 as a general unsecured claim in Class 3. See <u>Exhibit B-1</u> of Debtor's Plan for treatment of On Deck Capital's claim.
Impaired/Unimpaired: IMPAIRED. DID NOT SUBMIT A BALLOT.

3. *Class #3* – *Non-Priority Unsecured Creditors*

General unsecured claims are unsecured claims that are not entitled to priority under Code §507(a).  In the present case, the Debtor estimates that there are approximately $440,095.45 in general unsecured claims.
*Treatment:* General unsecured creditors will receive a total of approximately 5% of their allowed claims in monthly payments over five years, with the first payment of $336.70 due on the Effective Date, followed by 59 consecutive monthly payments, each in the amount of $336.70 and due on the first day of each month.
Impaired/Unimpaired: IMPAIRED. DID NOT SUBMIT ANY BALLOTS.

4. *Class #4* – *Equity Security Holders of the Debtor (INSIDER: NOT ENTITLED TO VOTE)*

Michael D. Kenealy is the principal of the Debtor and has a 100% equity interest in

4

the Debtor. Mr. Kenealy has no pre-petition or post-petition claim against the Debtor. Mr. Kenealy will retain his equity interest in the Debtor as of the Effective Date.

## III.  DEBTOR'S PLAN SATISFIES THE REQUIREMENTS SET FORTH IN 11 U.S.C. § 1129(a) AND (b) AND THUS SHOULD BE CONFIRMED

Debtor's Plan satisfies the requirements of 11 U.S.C. §1129(a) and (b), where applicable. Thus, Debtor prays for an order of this Court confirming its Plan.

### A.  REQUIREMENTS OF §1129(A)

Debtor's Plan may be confirmed if each of the following confirmation requirements set forth in §§1129(a)(1) through (16), inclusive, are satisfied.

1.  The plan complies with the applicable provisions of Title 11 (§1129(a)(1));

2.  The plan proponent, who is the debtor, has complied with the applicable provisions of Title 11 (§1129(a)(2));

3.  The plan has been proposed in good faith and not by any means forbidden by law (§1129(a)(3));

4.  The debtor has disclosed to the court any payment made for services rendered or for costs and expenses incurred in connection with the case or the plan and such payments have been approved by, or are subject to the approval of, the court as reasonable (§1129(a)(4));

5.  The debtor has disclosed the identity, affiliations and compensation of individuals proposed to serve as officers and directors of the debtor after confirmation and the continuances in such offices by such individuals is consistent with the interests of creditors and equity security holders and with public policy (§1129(a)(5));

6.  To the extent the debtor is subject to the jurisdiction of any regulatory commission, any

5

rate change provided in the plan has been approved by, or is subject to the approval of, such regulatory commission(§1129(a)(6));

7.    Each holder of a claim or interest in an impaired class has either accepted the plan or will receive or retain under the plan on account of such claim or interest, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7(§1129(a)(7));

8.    Each class of claims or interests has either voted to accept the plan or is not impaired under the plan (§ 1129(a)(8));

9.    The treatment of administrative expenses and priority claims under the plan complies with the provisions of §1129(a)(9);

10.    If a class of claims is impaired under the plan, at least one (1) impaired class of claims has accepted the plan, determined without including the acceptances of any insiders holding claims in such class(§1129(a)(10));

11.    Confirmation of the plan is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor (§1129(a)(11));

12.    The plan provides for payment on the effective date of all fees payable under 28 U.S.C. §1930 (§1129(a)(12));

13.    To the extent it applies in this case, the plan provides for the continued payment of all retiree benefits for the duration of the period the debtor has obligated itself to provide such benefits(§1129(a)(13));

14.    If the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such

statute for such obligation that first become payable after the date of the filing of the petition (§1129(a)(14));

15.    In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—

   (A)    the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

   (B)    the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in §1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. (§1129(15)); and

16.    All transfers of property of the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. (§1129(16)).

This Memorandum addresses whether Debtor's Plan meets the requirements of 11 U.S.C. § 1129(a).

## B. **DEBTOR'S PLAN COMPLIES WITH THE APPLICABLE PROVISIONS OF CHAPTER 11 (§1129(A)(1))**

§ 1129(a)(1) requires that a plan comply with the applicable provisions of Chapter 11. These provisions include §§1122 and 1123, governing the classification of claims and interests and the contents of a plan. In re Texaco, Inc., 84 B.R. 893, 905 (Bankr. S.D.N.Y.) ("In determining whether a plan complies with §1129(a)(1), reference must be made to Code §§1122 and 1123

7

with respect to classification of claims and the contents of a plan of reorganization").

As discussed below, the Debtor's Plan satisfies the requirements of §§1122 and 1123.

i.  **§ 1122(a).**

§ 1122 governs the classification of claims and interests.  § 1122(a) states in relevant part:

> [A] plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to other claims or interests of such class.

Debtor's Plan designates four (4) classes of claims; each class consists of claims or interests which are substantially similar to one another.

**Class 2(A)** consists entirely of the secured claim of Pawnee Leasing;

**Class 2(B)** consists entirely of the secured claim of On Deck Capital;

**Class 3** consists entirely of the general unsecured claims;

**Class 4** consists entirely of the equity security holder of the estate.

ii. **§ 1123(a) (Mandatory Provisions).**

§ 1123(a) specifies the seven (7) mandatory requirements and permissive provisions for a plan of reorganization.  As demonstrated below, the Debtor's Plan contains each of the mandatory and some of the permissive provisions listed in §1123.

(1)  **§ 1123(a)(1)**

§ 1123(a)(1) requires that a plan designate classes of claims, other than those of a kind specified in §507(a)(1) (administrative claims), § 507(a)(7) (tax claims), and interest holder claims.  Here, Debtor's Plan designates classes of claims and interests in accordance with this requirement.

DEBTOR REDRHINO: THE EPOXY FLOORING COMPANY INC'S MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11
PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL D. KENEALY
AND SOFYA DAVTYAN IN SUPPORT THEREOF

(2)   § 1123(a)(2)

§ 1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan."  Here, Debtor's Plan indicates which of the classes are impaired and which are not impaired.

(3)   § 1123(a)(3)

§ 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan."  Here, Debtor's Plan indicates which classes are impaired and specifies their treatment.

(4)   § 1123(a)(4)

§ 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class, unless the holder of the particular claim or interest agrees to less favorable treatment of such particular claim or interest."  In this case, the Debtor's Plan provides for the same treatment for each claim or interest within a particular class.

(5)   § 1123(a)(5)

§ 1123(a)(5) requires that a plan "provide adequate means for the plan's implementation." The means for executing Debtor's Plan is set forth in Exhibit C to the Plan, which includes the Debtor's projections, monthly operating report summary and financing report.  As described therein, the Debtor will fund its Plan with its cash on hand and the revenue from the business. Debtor's Plan provides adequate means for its implementation, and hence the Debtor's Plan complies with the requirements of §1123(a)(5).

9

(6)   § 1123(a)(6)

§ 1123(a)(6) mandates that the Plan require the inclusion in its Articles of Incorporation of a provision prohibiting issuance of non-voting shares and provisions relating to election of directors in the event of default in the payment of dividends. Here, Debtor will make the necessary amendments to its Articles of Incorporation to satisfy this requirement.

(7)   § 1123(a)(7)

§ 1123(a)(7) requires that the Plan contain no provisions which violate public policy with respect to selection of any officer, director or trustee under the Plan. Here, the Plan does not carry any such provision.

iii.   **§ 1123(b) (Permissive Provisions).**

§1123(b) specifies six (6) permissive provisions that may be included in a plan. All six (6) of these provisions are contained in Debtor's Plan.

(1)   § 1123(b)(1).

§ 1123(b)(1) provides that a plan may "impair or leave unimpaired any class of claims, secured or unsecured, or of interests." Here, Debtor's Plan consists of impaired classes.

(2)   § 1123(b)(2).

§ 1123(b)(2) specifies that a plan may, "subject to §365 of this title [Title 11], provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section." Debtor's Plan assumes a month-to-month lease agreement with Freeway Ventures for the premises located at 4721 Washington Blvd., Los Angeles, CA 90048. *See* p. 4, Article 6 of the Plan.

10

(3)    § 1123(b)(3).

§ 1123(b)(3) specifies that a plan may provide for settlement or adjustment of any claim or interest belonging to the Debtor or to its estate, and for retention and enforcement by the Debtor, by the trustee, or by a representative of the estate appointed for such purpose of any claim or interest.  Here, Debtor's Plan provides the Debtor's principal, Michael D. Kenealy, is designated as the representative of the estate and may enforce any claims or causes of action belonging to the estate after the Effective Date.

(4)  § 1123(b)(4).

§ 1123(b)(4) permits the plan to provide for the sale of all or part of the property of the estate. Here, the Plan does not propose any sale of all or part of the property of the estate.

(5)  § 1123(b)(5).

§ 1123(b)(5) specifies that a plan may "modify the rights of holders of secured claims, other than a claim secured only by real property that is the Debtor's principle residence...". Here, the Plan seeks to modify the rights of its secured creditor, On Deck Capital, which holds a UCC Lien against Debtor's personal property assets. Debtor is a corporation and does not own any real property, and the provision regarding "principal residence" is not applicable to the Debtor.

(6)    § 1123(b)(6).

§ 1123(b)(6) specifies that a plan may "include any other appropriate provision not inconsistent with the applicable provisions of this title [title 11]."  Although Debtor's Plan contains other provisions not expressly referred to in §1123, none of these provisions are inconsistent with the provisions of Title 11 of the United States Code.

11

iv.    **§ 1123(c).**

Since the Debtor proposed the Plan, §1123(c) is inapplicable.

### Conclusion Regarding Debtor's Requirements of §§1122 and 1123

In sum, Debtor's Plan complies with the applicable provisions of Title 11 and, therefore, meets the requirements of §1129(a)(1). As the foregoing demonstrates, the classification scheme proposed by Debtor's Plan is consistent with §1122. In addition, Debtor's Plan meets the mandatory requirements of §1123(a), contains all of the discretionary provisions of §1123(b) and contains other provisions not inconsistent with Title 11.

## C. DEBTOR HAS COMPLIED WITH THE APPLICABLE PROVISIONS OF TITLE 11 (§ 1129(A)(2))

§ 1129(a)(2) requires that the proponent of a plan comply with the applicable provision of Chapter 11.

Debtor is the Plan Proponent. Chapter 11 requires that the proponent of a plan comply with §1125 before soliciting acceptances, and comply with §1127 regarding any modifications to a plan.

i.    **§ 1125.**

§ 1125 states that acceptance or rejection of a plan may not be solicited after commencement of the case unless, before such solicitation, there is transmitted to the party being solicited a summary of the plan and a written disclosure statement approved by the court. Section 1125 also requires that the same disclosure statement be transmitted to each holder of a claim or interest of a particular class. The Plan was served on the creditors on March 31, 2021. The Ballot Form and the Order Setting Plan Confirmation Hearing Date and Related Deadlines were served on every creditor and party in interest on May 17, 2021, in compliance with the court's Scheduling Order. As such, the Debtor has complied with the requirements of §1125.

**D.  DEBTOR'S PLAN IS PROPOSED IN GOOD FAITH (§1129(A)(3))**

§ 1129(a)(3) requires that a plan be proposed in good faith and not by any means

forbidden by law.  Debtor submits that the record of this case evidences that its Plan is proposed

in good faith and not by any means forbidden by law.  The sole purpose of this Plan is to resolve

Debtor's obligations to its creditors in accordance with the provisions of the Bankruptcy Code.

**E.  DEBTOR'S PLAN PROVIDES FOR COURT SUPERVISION OF COMPENSATION
OF PROFESSIONALS (§1129(A)(4))**

§ 1129(a)(4) requires:

> Any payment made or to be made by the proponent, by the Debtor,
> or by a person issuing securities or acquiring property under the
> plan, for services or for costs and expenses in or in connection
> with the case, or in connection with the plan and incident to the
> case, has been approved by, or is subject to the approval of, the
> court as reasonable.

Debtor's Plan contemplates payment to holders of allowed administrative claims, which

include payment of compensation and reimbursement of expenses to professionals, shall be made

only after entry of an order by the Bankruptcy Court, following notice and a hearing.  Any

payment made or to be made to persons for services or for costs and expenses, or in connection

with this Chapter 11 case, or in connection with the Debtor's Plan and incident to the Chapter 11

case, have been or will be disclosed to the Court in proofs of claim or other pleadings filed with

the Court or in applications to compensate professionals.  These procedures and the ultimate

determination by the Court following appropriate notice and hearing of the professional fees and

expenses requested satisfies the objectives of §1129(a)(4).

**F.  DEBTOR'S PLAN DISCLOSES THE IDENTITY OF ALL POSTCONFIRMATION
MANAGEMENT (§ 1129(A)(5))**

§ 1129(a)(5) requires that the plan proponent disclose the identity and affiliations of any

13

individual proposed to serve, after confirmation of the plan, as an officer, director, or voting

trustee of the Debtor.  Debtor's Plan identifies Michael D. Kenealy, Debtor's principal, as the

sole shareholder and principal of the Debtor after confirmation of the Plan.

### G.  DEBTOR'S PLAN DOES NOT REQUIRE APPROVAL OF ANY REGULATORY COMMISSION (§ 1129(A)(6))

§ 1129(a)(6) of the Bankruptcy Code requires that the appropriate regulatory

commission must approve any changes in the rates provided in a plan.  Debtor is not subject to

the jurisdiction of any regulatory commission regarding "rates," and thus this section is

inapplicable.

### H.  DEBTOR'S PLAN MEETS THE BEST INTEREST TEST (§ 1129(A)(7)

§ 1129(a)(7) requires that the holder of a claim or interest of each impaired class must either

accept the plan, or receive or retain under the plan property of a value, as of the effective date of

the plan, that is not less than the amount that such holder would receive or retain if the Debtor

were to be liquidated under Chapter 7 of the Bankruptcy Code.  This is the so-called "best

interest" of creditors test.  See In re Victory Construction Co., 42 B.R.145, 151 (Bankr. C.D. Cal

1984) (J. Ayer) (The court "must find that each [non-accepting] creditor will receive or retain

value that is not less than the amount he would receive if the Debtor were liquidated").

**Class 2(A)** consists entirely of the claim of the secured creditor Pawnee Leasing.  Debtor

is paying Pawnee Leasing in full over 5 years.

**Class 2(B)** consists entirely of the claim of the secured creditor On Deck Capital. Debtor

is paying on Deck Capital $60,000 as a secured claim, based on the value of Debtor's assets (see

Exhibit-A in support of Debtor's Plan) and is treating the estimated $90,000 balance of On Deck

14

Capital's claim as a general unsecured claim in Class 3, which is scheduled to receive a 5%

distribution on its allowed unsecured claim.  Under a hypothetical chapter 7 analysis, On Deck

Capital would not receive more than what Debtor's Plan is proposed to pay On Deck Capital

through its Plan.  See Exhibit-E attached in support of Debtor's Plan for detailed Liquidation

Analysis, which shows that in Chapter 7, the percentage distribution to general unsecured

creditors would be 0%.

**Class 3** consists of Debtor's general unsecured non-priority claims.

Debtor is paying its unsecured creditors more than they would receive in a Chapter 7 liquidation.

*As detailed in its Liquidation Analysis, the amount the unsecured creditors would receive in*

*prospective a Chapter 7 is* $0.00 (0%) on the dollar.  Pursuant to the Plan, Class 3 general

unsecured creditors will receive approximately **5.00%** of their allowed claims, which is more

than they would receive in a Chapter 7 case.

## I.   ACCEPTANCE OF PLAN BY CREDITORS AND INTEREST HOLDERS (§ 1129(A)(8)).

§ 1129(a)(8) requires that each class of claims or interests either accept the plan or not be

impaired.  Following is a summary of the voting:

Class 2(A) consists entirely of the impaired secured claim of Pawnee Leasing; VOTED

FOR THE PLAN;

Class 2(B) consists entirely of the impaired secured claim of On Deck Capital; DID NOT

SUBMIT A BALLOT;

Class 3 consists entirely of the impaired general unsecured creditor claims; DID NOT

SUBMIT ANY BALLOTS.

15

Since Class 2(B) and Class 3 did not submit any ballots and are therefore deemed to have

rejected the Plan, the Plan must satisfy Section 1191(b).

11 U.S.C. § 1191(b) provides that where § 1129(a)(8) or 1129(a)(10) are not satisfied, the

court may nonetheless confirm the Plan under § 1191(b) if the Plan does not discriminate

unfairly and is fair and equitable with respect to each class of claims or interest.

Compliance with **11 U.S.C. § 1191(a)**

1. Degree of Plan Acceptance. **11 U.S.C. § 1129(a)(8)** requires that each class of claims either accepts the Plan or is not impaired under the Plan.

   a. **Evidence**. The Plan Ballot Summary is attached as (Exhibit A) to this motion. The declaration of Sofya Davtyan is filed in support of the Motion and establishes the level to which the Plan is accepted, including:

      i. Acceptance by Ballots: By claimants who were entitled to vote and who voted to accept the Plan.

      ii. Deemed Acceptance: By claimants who were not impaired and therefore not entitled to vote [11U.S.C. § 1126(f)], who were entitled to vote but did not vote [LBR 9013-1(h)], or who were members of an impaired class and at least two-thirds (2/3) in amount and more than one-half (1/2) in number of all allowed claims class members who actually voted, voted in favor of the Plan [11 U.S.C. § 1126(c)-(d)].

      iii. Non-Acceptance: By claimants who were entitled to vote, and voted to not accept the Plan, but whose claims receive treatment specified in 11 U.S.C. § 1129(a)(7), (9) or (10).

Since Class 2(B) and Class 3 did not submit any ballots, 11 U.S.C. Section

1129(a)(8) has not been satisfied. However, as stated herein, the court may still confirm the Plan

because the plan complies with 11 U.S.C. Section 1191(b).

1. **No Unfair Discrimination**. For the reasons discussed in the following paragraph

and supported by the Declaration of Michael D. Kenealy, the Plan does not discriminate unfairly

16

with respect to each class of claims or interests that is impaired under the Plan and did not accept the Plan.

The Plan does not discriminate unfairly with respect to the holder of Class 2(B)- On Deck Capital, because it proposes to pay On Deck Capital $60,000 as a secured claim based on the valuation of Debtor's Assets as of Plan Confirmation Hearing Date (See Exhibit-A to Debtor's Plan).  Furthermore, the treatment of On Deck Capital's claim as a secured claim for $60,000 is more than fair and equitable as the Debtor has been making monthly $1,000 adequate protection payments to On Deck Capital since the filing of the chapter 11 case and will continue to do so until the Plan is confirmed.  On Deck Capital has not made any appearance in this case. It has not filed a claim, did not make a request to receive electronic notification of the filings, did not appear at any of the hearings, and most importantly did not file any objections to Debtor's Plan or submitted a ballot. As such, On Deck Capital has tacitly accepted the proposed treatment of its claim through Debtor's Plan.

The Plan does not discriminate unfairly with respect to the holders of Class 3 – General Unsecured Creditor Class, because the Plan offers to pay the same pro rata distribution to all the claimants in Class 3. Furthermore, each claimant in Class 3 is receiving 5% of their allowed claim amount which is substantially more than what they would have received in a chapter 7 scenario, which would have been 0%.

2.      **Fair and Equitable**.  As indicated below, the Plan is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and did not accept the Plan.

With respect to a class of secured claims, the plan complies with § 1129(b)(2)(A), which provides in relevant parts:

17

The other administrative claimant is the SubChapter V Trustee, Gregory Jones. The SubChapter V Trustee will be paid in twelve monthly installments, with the first payment due on the Effective Date.

§ 1129(a)(9)(B) requires that wage claimants (§507(a)(3)), employee benefit priority claimants (§507(a)(4)), certain farmer and fisherman priority claimants (§507(a)(5)) and consumer deposit priority claimants (§507(a)(6)) receive full payment of the allowed amount of their respective priority claims, in cash on the effective date of the plan if the class has not voted to accept the plan, or deferred cash payments of a value as of the effective date of the plan equal to such allowed claims if the class has accepted the plan. Debtor does not have any such claims.

As to §1129(a)(9)(C) tax claims entitled to priority under §507(a)(8), Debtor only has one such claim of the Internal Revenue Service and is paying that claim in full within five (5) years after the Petition Date at the applicable interest rate.

In sum, the Debtor's Plan treats priority claims in accordance with §1129(a)(9). Debtor's Plan complies with 11 U.S.C. §1129(a)(9).

### K.  **§1129(A)(10).**

11 U.S.C. § 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

Pawnee Leasing is an impaired secured creditor of the Debtor classified in Class 2(A), and Pawnee Leasing submitted a ballot **VOTING FOR THE PLAN.** As such, this requirement is satisfied.

### L.  **DEBTOR'S PLAN SATISFIES THE REQUIREMENT OF 11 U.S.C. § 1191(d)**

Pursuant to 11 U.S.C. § 1191(d), disposable income means income received by the

19

Debtor that is not reasonably necessary to pay for maintenance or support of the debtor or dependent of the debtor, or a domestic support obligation that first becomes payable after the date the bankruptcy case was filed.

As of the effective date of the Plan, the Plan provides that all of the projected disposable income of the Debtor to be received in the 5-year period beginning on the date that the first payment is due under the plan will be applied to make the payments under the Plan. As evident by the projections, Debtor will be able to make all payments under the Plan.

## M.  DEBTOR'S PLAN IS FEASIBLE (§ 1129(A)(11)

§ 1129(a)(11) requires that the Court find that "confirmation of the plan is not likely to be followed by the liquidation, or need for further financial reorganization, of the Debtor…"

The Debtor's income and expense projections, which are attached to Debtor's Plan as Exhibit C", show that it has sufficient income from its cash on hand and the revenue generated from its business operations to fund its Plan. Summary of Debtor's Monthly Operating Reports also support the feasibility of the plan by showing a positive net income and a steady increase in Debtor's revenue to fund the Plan. As such, the Plan is feasible.

## N.  PAYMENT OF FEES DUE THE UNITED STATES TRUSTEE (§ 1129(A)(12))

§ 1129(a)(12) requires that all fees payable to the Office of the United States Trustee under 28 U.S.C. §1930 have been paid or the plan provides for the payment of such fees on the effective date of the plan.  §507(a)(1) of the Bankruptcy Code, 11 U.S.C. §507(a)(1), includes within its limits, fees assessed under 28 U.S.C. §1930.

Here, since the Debtor is in a Sub Chapter V Chapter 11 Bankruptcy Case, this section is not applicable, as there are no quarterly fees due to the Office of the United States Trustee.

## O. **DEBTOR HAS NO OBLIGATIONS FOR RETIREE BENEFITS (§1129(A)(13))**

§ 1129(a)(13) requires that a plan provide for the continued payment of all retiree benefits for the duration of the period that the Debtor has obligated itself to provide such benefits. Here, Debtor does not have any obligations for retiree benefits as defined in §1114 of the Bankruptcy Code.

## P. **DEBTOR HAS NO DOMESTIC SUPPORT OBLIGATIONS (§1129(A)(14)).**

§ 1129(a)(14) requires that if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition. Here, Debtor does not have any domestic support obligations.

## Q. **SECTION 1129(A)(15)**

§ 1129(a)(15) requires that in a case in which the debtor is an individual and in which the holder of an allowed <u>unsecured</u> claim <u>objects</u> to the confirmation of the plan, that the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in §1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

Here, 11 U.S.C. § 1129(a)(15) does not apply in Subchapter V plans, pursuant to 11 U.S.C. §§ 1181(a) and 1191(a).

## R. **§ 1129(A)(16) DOES NOT APPLY**

§ 1129(16) relates to corporations or trusts that are "not a moneyed, business, or

21

commercial corporation." This does not apply to the Debtor.

## IV. CONCLUSION

For the foregoing reasons, and based on the evidence, authorities and arguments presented, the Debtor respectfully requests that its Plan be confirmed.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 6/2/2021                    By:/s/ Michael Jay Berger
                                   Michael Jay Berger
                                   Attorney for Debtor-in-Possession
                                   RedRhino: The Epoxy Flooring Company, Inc.

22

## DECLARATION OF MICHAEL D. KENEALY

I, Michael D. Kenealy, declare and state as follows:

1.      I am the Owner and Principal of RedRhino: The Epoxy Flooring Company, Inc., the debtor and debtor-in possession in the above-captioned proceeding ("Debtor"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      I make this declaration in support of confirming Debtor's Plan of Reorganization for Small Business Under Chapter 11 (the "Plan") [Docket No. 49].

3.      On November 16, 2020, Debtor, RedRhino: (the "Debtor"), the Debtor-in-Possession in the above-referenced Chapter 11 case, commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

4.      Debtor is in the business of providing protective coating, overlaying and polished concrete services to the industrial and commercial work spaces.

5.      Debtor does not hold an interest in any real estate.  Debtor's personal property assets have a total estimated value of $53,826.27 (see Exhibit-A attached in support of Debtor's Plan of Reorganization for Small Business Under Chapter 11) ("Plan").

6.      Debtor's secured creditors are Pawnee Leasing Corporation with an allowed secured claim amount of $15,926.87 [POC #8] and On Deck Capital with an allowed secured claim amount of $60,000 [no proof of claim has been filed by On Deck Capital; claim is bifurcated into $60,000 secured claim and $90,000 general unsecured claim]. See Exhibit B-1 attached in support of Debtor's Plan.

7.      Debtor's sole unsecured priority creditor is the Internal Revenue Service who has a claim in the amount of $21,169.09.  See Exhibit B-2 attached in support of Debtor's Plan.

23

DEBTOR REDRHINO: THE EPOXY FLOORING COMPANY INC'S MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11
PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL D. KENEALY
AND SOFYA DAVTYAN IN SUPPORT THEREOF

8.    Debtor's general unsecured creditors hold claims with an estimated aggregate amount of $440,095.45, which consists of various business loans, vendors, and confessions of judgments. See Exhibit B-3 attached in support of Debtor's Plan.

9.    Debtor's Plan designates four (4) classes of claims; each class consists of claims or interests which are substantially similar to one another.

**Class 2(A)** consists entirely of the secured claim of Pawnee Leasing;

**Class 2(B)** consists entirely of the secured claim of On Deck Capital;

**Class 3** consists entirely of the general unsecured claims;

**Class 4** consists entirely of the equity security holder of the estate.

10.    The Debtor's Plan contains each of the mandatory and some of the permissive provisions listed in §1123.

11.    Debtor's Plan indicates which of the classes are impaired and which are not impaired, and specifies their treatment.

12.    Debtor's Plan provides for the same treatment for each claim or interest within a particular class.

13.    The means for executing Debtor's Plan is set forth in Exhibit C to the Plan, which includes the Debtor's projections, monthly operating report summary and financing report. As described therein, the Debtor will fund its Plan with its cash on hand and the revenue from the business. Debtor's Plan provides adequate means for its implementation, and hence the Debtor's Plan complies with the requirements of §1123(a)(5).

14.    Debtor will make the necessary amendments to its Articles of Incorporation to satisfy this requirement of §1123(a)(6) which prohibits issuance of non-voting shares and

24

provisions relating to election of directors in the event of default in the payment of dividends.

15.     The Plan does not contain any provision which violates public policy with respect to selection of any officer, director or trustee under the Plan.

16.     Debtor's Plan contains all six permissive provisions set forth in §1123(b). Debtor's Plan assumes a month-to-month lease agreement with Freeway Ventures for the premises located at 4721 Washington Blvd., Los Angeles, CA 90048. *See* p. 4, Article 6 of the Plan.

17.     Debtor's Plan provides I, as Debtor's principal, am designated as the representative of the estate and may enforce any claims or causes of action belonging to the estate after the Effective Date.

18.     The Plan does not propose any sale of all or part of the property of the estate. The Plan seeks to modify the rights of its secured creditor, On Deck Capital, which holds a UCC Lien against Debtor's personal property assets. Debtor is a corporation and does not own any real property, and the provision regarding "principal residence" is not applicable to the Debtor.

19.     Debtor submits that the record of this case evidences that its Plan is proposed in good faith and not by any means forbidden by law. The sole purpose of this Plan is to resolve Debtor's obligations to its creditors in accordance with the provisions of the Bankruptcy Code.

20.     Debtor's Plan identifies me as the sole shareholder and principal of the Debtor after confirmation of the Plan.

21.     **Class 2(A)** consists entirely of the claim of the secured creditor Pawnee Leasing. Debtor is paying Pawnee Leasing in full over 5 years.

22.     **Class 2(B)** consists entirely of the claim of the secured creditor On Deck Capital. Debtor is paying on Deck Capital $60,000 as a secured claim, based on the value of Debtor's

25

assets (see <u>Exhibit-A</u> in support of Debtor's Plan) and is treating the estimated $90,000 balance of On Deck Capital's claim as a general unsecured claim in Class 3, which is scheduled to receive a 5% distribution on its allowed unsecured claim.  Under a hypothetical chapter 7 analysis, On Deck Capital would not receive more than what Debtor's Plan is proposed to pay On Deck Capital through its Plan.  See Exhibit-E attached in support of Debtor's Plan for detailed Liquidation Analysis, which shows that in Chapter 7, the percentage distribution to general unsecured creditors would be 0%.

23.    **Class 3** consists of Debtor's general unsecured non-priority claims.  Debtor is paying its unsecured creditors more than they would receive in a Chapter 7 liquidation.  *As detailed in its Liquidation Analysis, the amount the unsecured creditors would receive in prospective a Chapter 7 is* $0.00 (0%) on the dollar.  Pursuant to the Plan, Class 3 general unsecured creditors will receive approximately **<u>5.00%</u>** of their allowed claims, which is more than they would receive in a Chapter 7 case.

24.    The Debtor has employed two professionals in this case – its bankruptcy counsel and its accountant.  Both the bankruptcy counsel and the accountant will be paid as soon as their fees are approved by the Court.  Moreover, as stated in Debtor's Plan, Debtor's counsel and accountant are amenable to a different payment arrangement with the Debtor in the event that Debtor is unable to pay the professionals' fees on the Effective Date.

25.    The other administrative claimant is the SubChapter V Trustee, Gregory Jones.  The SubChapter V Trustee will be paid in twelve monthly installments, with the first payment due on the Effective Date.

26.    As to §1129(a)(9)(C) tax claims entitled to priority under §507(a)(8), Debtor only has one such claim of the Internal Revenue Service and is paying that claim in full within five (5) years after the Petition Date at the applicable interest rate.

27.    In sum, the Debtor's Plan treats priority claims in accordance with §1129(a)(9).  Debtor's Plan complies with 11 U.S.C. §1129(a)(9).

///

26

28.    Pawnee Leasing is an impaired secured creditor of the Debtor classified in Class 2(A), and Pawnee Leasing submitted a ballot **VOTING FOR THE PLAN.**

29.    The Plan does not discriminate unfairly with respect to the holder of Class 2(B)-On Deck Capital, because it proposes to pay On Deck Capital the total amount as a secured claim based on the value of Debtor's Assets as of Plan Confirmation Hearing Date.  Furthermore, the treatment of On Deck Capital's claim as a secured claim for $60,000 is more than fair and equitable as the Debtor has been making monthly $1,000 adequate protection payments to On Deck Capital since the filing of the chapter 11 case and will continue to do so until the Plan is confirmed.   Furthermore, On Deck Capital has not made any appearance in this case. It has not filed a claim, did not make a request to receive electronic notification of the filings, did not appear at any of the hearings, and most importantly did not file any objections to Debtor's Plan or submitted a ballot. As such, On Deck Capital has tacitly accepted the proposed treatment of its claim through Debtor's Plan.

30.    The Plan does not discriminate unfairly with respect to the holders of Class 3 – General Unsecured Creditor Class, because the Plan offers to pay the same pro rata distribution to all the claimants in Class 3. Furthermore, each claimant in Class 3 is receiving 5% of their allowed claim amount which is substantially more than what they would have received in a chapter 7 scenario, which would have been 0%.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 2, 2021, at Los Angeles, California.

Michael D. Kenealy
President and Owner of Debtor-in-Possession
RedRhino: The Epoxy Flooring Company, Inc.

27

## DECLARATION OF SOFYA DAVTYAN

I, Sofya Davtyan, declare as follows:

1.      I am an associate attorney with The Law Offices of Michael Jay Berger, which represents the Debtor and Debtor-in-Possession RedRhino: The Epoxy Flooring Company, Inc. (the "Debtor") in this instant Chapter 11 bankruptcy case.   I am over the age of 18 and my business address is 9454 Wilshire Blvd., 6th Floor, Beverly Hills, California 90212.   I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify to those facts in a court of law.

2.      I make this declaration in support of confirming Debtor's Plan of Reorganization for Small Business Under Chapter 11 (the "Plan") [Docket No. 49].

3.      On March 31, 2021, Debtor filed its Plan of Reorganization for Small Business Under Chapter 11 (the "SubChapter V Plan") [Docket No. 49].

4.      On May 12, 2021, the Court held a Status Conference on Debtor's Plan.  the conclusion of the hearing, the Court set the following schedule of dates and deadlines with regards to confirmation of the Plan:

- *May 17, 2021 is the deadline for the Debtor to mail out ballots to all required parties;*
- *May 31, 2021 at 5:00 p.m. is the deadline to return completed ballots to Debtor's Counsel;*
- *May 31, 2021 is the deadline for creditors and/or parties in interest to file preliminary objections to confirmation of Debtor's Plan of Reorganization for Small Business Under Chapter 11;*
- *June 2, 2021 is the deadline for Debtor to file and serve Debtor's Motion to Confirm Plan, including the summary of returned ballots, in support of confirmation of Debtor's Plan;*

28

- *June 9, 2021 is the deadline for creditors and/or parties in interest to file a response to Debtor's Motion to Confirm Plan;*
- *June 16, 2021 is the deadline for Debtor's Reply to any response to Debtor's Motion to Confirm Plan;*
- *No further briefing will be allowed or considered; and*
- *The Confirmation hearing for Debtor's Plan and the continued status hearing will take place on June 23, 2021 at 9:00 a.m.*

*See* the Scheduling Order Setting Plan Confirmation Hearing Date and Related Deadlines (the "Scheduling Order") [Docket No. 59].

5.    The Plan was served on the creditors on March 31, 2021. The Ballot Form and the Order Setting Confirmation Hearing Date and Related Deadlines were mailed to all required parties on May 17, 2021. See Declaration of Peter Garza Regarding Service of the Ballot Form For Accepting or Rejecting Debtor's Plan and the Scheduling Order Setting Plan Confirmation Hearing Date and Related Deadlines filed on June 2, 2021, as docket no.: 73.

6.    No preliminary objections to Debtor's Plan have been filed or received.

7.    On June 2, 2021, Subchapter V Trustee, Gregory Jones, filed a Statement In Support of Confirmation of Debtor's Plan of Reorganization for Small Business Under Chapter 11 [docket no.: 72]. A true and correct copy of the Statement in Support of Confirmation of Debtor's Plan is attached hereto as **Exhibit "B."**

8.    True and correct copies of all ballots received are attached hereto as **Exhibit "A."**

I declare under penalty of perjury that the foregoing is true and correct. Executed this on June 2, 2021 at Beverly Hills, California.

Sofya Davtyan

29

# EXHIBIT-A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Sofya Davtyan (SBN 259544)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax:  (310) 271-9805**<br>michael.berger@bankruptcypower.com<br>sofya.davtyan@bankruptcypower.com | |

☐ *Individual appearing without attorney*
☑ *Attorney for:* RedRhino: The Epoxy Flooring Company, Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**REDRHINO: The Epoxy Flooring Company, Inc.**<br><br><br><br><br><br><br><br>Debtor. | CASE NO.: **2:20-bk-20257-SK**<br>CHAPTER: **11**<br><br>### PLAN BALLOT SUMMARY<br><br>*(Note: The Plan Proponent must file a Plan Ballot Summary at least 1 day prior to the Confirmation Hearing.)*<br><br>DATE:  June 23, 2021<br>TIME:  9:00 a.m.<br>COURTROOM: 1575<br>ADDRESS: 255 E. Temple Street, 15th Floor<br>Los Angeles, CA 90012 |

1. Proponent of Plan *(specify name)*:  __RedRhino: The Epoxy Flooring Company, Inc.__

2. Are there any competing plans filed with the court?  ☐ Yes ☑ No

3. Is a cramdown requested?  ☑ Yes ☐ No

4. Unimpaired classes *(specify class numbers)*:  __Class 4 (equity security holder)__

5. Impaired classes *(specify class numbers)*:  __Class 2(A), Class 2(B), and Class 3__

6. Has any impaired class approved the Plan?  ☑ Yes ☐ No
   *(If YES, specify which class or classes)*:  __Class 2(A)__

7. Pursuant to 11 U.S.C. §1126(c), only the actual ballots cast are counted to determine whether a given class has voted to accept or reject the plan. That section further provides that a class will have accepted the plan if voting creditors in such class holding at least **two-thirds in amount** and more **than one-half in number** have voted to accept the plan.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                              Page 1                              **F 3018-2.PLAN.BALLOT.SUMMARY**

The following is a summary by creditor class of the ballots that were returned in a timely manner (an example is included on the following page):

| Class | Impaired? | Number | | | Amount | | |
| | | Total number of claims voted by members of class (N) | Number of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ N) | Aggregate dollar amount of claims voted by members of class (Amt) | Dollar amount of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ Amt) |
|---|---|---|---|---|---|---|---|
| **Class 2(A)** | **Yes** | (N) **1** | (A) **1** (R) **0** | **100** % | (Amt) **$15,926.87** | (A) **$15,926.87** (R) | **100** % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
| | | (N) | (A) (R) | % | (Amt) | (A) (R) | % |

☐ see attached continuation page

Comments:

Date:  6/2/2021

/s/Michael Jay Berger
Signature of Debtor, or attorney for Debtor

**Michael Jay Berger**
**Sofya Davtyan**
Printed name of Debtor, or attorney for Debtor

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                                    Page 2                    F 3018-2.PLAN.BALLOT.SUMMARY

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 31 2021, Chapter 11 Debtor and Debtor-in-Possession **RedRhino: The Epoxy Flooring Company, Inc.,** filed its Subchapter V Plan of Reorganization (the "Plan") **[docket no.: 49].** By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. ___X___ The undersigned, a creditor with an allowed claim in the amount of $ _15,926.00_ :

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____ :

[X] Accepts the Plan          [ ] Rejects the Plan

Print or type name: _Kenny Fitzgerald_

State which class (by number) you are a member of: _2 (A)_

Signed: _____

If appropriate, by: _____ as _____

Address: _3801 Automation Way   Ste. 207_
_Fort Collins, CO 80525_

Return this ballot on or before **MAY 31, 2021 AT 5:00 P.M.** to Sofya Davtyan via:

Email: sofya.davtyan@bankruptcypower.com
Or
Facsimile: (310) 271-9805
Or
Law Offices of Michael Jay Berger
Attn: Sofya Davtyan, Esq.
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212

**EXHIBIT-B**

1  GREGORY K. JONES, State Bar No. 181072
      gjones@sycr.com
2  STRADLING YOCCA CARLSON & RAUTH
   A PROFESSIONAL CORPORATION
3  10100 Santa Monica Blvd, Suite 1400
   Los Angeles, CA 90067
4  Telephone:  (424) 214-7000
   Facsimile:  (424) 214-7010
5
   *Subchapter V Trustee*
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re:                          | CASE NO. 2:20-bk-20257-SK

12                                  | Chapter 11

13  REDRHINO:  The Epoxy Flooring   | **STATEMENT IN SUPPORT OF**
    Company, Inc.,                  | **CONFIRMATION OF DEBTOR'S**
14                                  | **PLAN OF REORGANIZATION**
                          Debtor.   | **FOR SMALL BUSINESS UNDER**
15                                  | **CHAPTER 11**

16                                  | Confirmation Hearing:
                                    | Date: June 23, 2021
17                                  | Time: 9:00 a.m.
                                    | Courtroom: 1575
18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

1    Gregory K. Jones, Subchapter V trustee in the above-captioned chapter 11

2    case (the "Trustee"), hereby provides this Statement in connection with the "Plan

3    of Reorganization for Small Business Under Chapter 11" (the "Plan") [Docket No.

4    49] filed by REDRHINO:  The Epoxy Flooring Company, Inc., debtor and debtor

5    in possession in the above-captioned case (the "Debtor").

6                                    **STATEMENT**

7    As this Court is aware, the Trustee's primary role is "to supervise and

8    monitor the case and to participate in the development and confirmation of a

9    plan."[1]  Indeed, Bankruptcy Code section 1183(b)(7) specifically provides that the

10   Subchapter V Trustee is to "facilitate the development of a consensual plan of

11   reorganization."  In achieving this goal, the U.S. Trustee's Small Business Chapter

12   11 Handbook states a Subchapter V Trustee "should be proactive in

13   communicating with the debtor and debtor's counsel and with creditors, and in

14   promoting and facilitating plan negotiation."[2]

15   Further, "[d]epending on the circumstances, the trustee . . . should carefully

16   review the plan and any plan amendments that are filed."[3]  The Subchapter V

17   Trustee is required to appear at a confirmation hearing.  11 U.S.C. § 1183(b)(3)(B).

18   At the hearing, the "court may ask the trustee to make a recommendation, state a

19   position or provide other information or comments regarding the confirmation of a

20   plan."[4]

21

22

---

23   [1]    *See* The Honorable Paul W. Bonapfel, "A Guide to the Small Business Reorganization
     Act of 2019," 93 Am. Bankr. L.J. 571, 583 (2019).

24
25   [2]    U.S. Department of Justice, Executive Office for United States Trustees, "Handbook for
     Small Business Chapter 11 Subchapter V Trustees" (the "Handbook"), at 3-9 (February 2020).

26   [3]    *Id.*

27   [4]    *See* Handbook, at 3-13.  Arguably, a subchapter V trustee does not have express standing
28   to object to a plan.  *See* Bonapfel, 93 Am. Bankr. L.J. at 614 n. 206 ("Subchapter V does not
     expressly give the trustee standing to object to confirmation.").

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

1     The Trustee has been in contact with the Debtor's counsel and creditors

2   expressing an interest in the chapter 11 case.  After a review of the proposed Plan,

3   the Debtor communicated certain concerns about the Plan that were adequately

4   addressed by the Debtor's counsel and will be discussed in more detail in the

5   Debtor's motion to confirm the Plan.  Therefore, the Subchapter V Trustee

6   presently supports confirmation of the Plan, subject to further review of the

7   Debtor's confirmation motion.

8

9   DATED:  June 2, 2021                     STRADLING YOCCA CARLSON &
                                            RAUTH A PROFESSIONAL
10                                           CORPORATION

11

12                                           By:  /s/ Gregory K. Jones
                                                 Gregory Jones
13                                               Subchapter V Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 N. Santa Monica Boulevard, Suite 1400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (specify): <u>Statement in Support of Confirmation of Debtor's Plan of Reorganization for Small Business under Chapter 11</u> _____will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **06/02/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service List

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) **06/02/2021** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached Mailing List

[X] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **06/02/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served Via Federal Express**
The Honorable Sandra R. Klein
United States Bankruptcy Court Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

[]Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/02/2021 | Suzanne Johnson | /s/ Suzanne Johnson |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Case 2:20-bk-20257-SK    Doc 72    Filed 06/02/21    Entered 06/02/21 15:04:26    Desc
Main Document    Page 42 of 51

### *SERVICE LIST*

**9:20-bk-20257-SK Notice will be electronically mailed to:**

Michael Jay Berger on behalf of Debtor REDRHINO: The Epoxy Flooring Company, Inc.
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Gregory Kent Jones (TR)
gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

### *MAILING LIST*

*Michael Jay Berger*
*9454 Wilshire Blvd*
*6th Floor*
*Beverly Hills, CA 90212-2929*

*Jennifer M. Liu*

### *SECURED CREDITORS:*

*1 West Capital LLC*
*1250 E. Hallandale Beach Blvd., Ste. 903*
*Hallandale, FL 33009*

*Firstlease, Inc.*
*1300 Virginia Dr., Ste.450*
*Forth Washington, PA 19034*

*Firstlease, Inc.*
*c/o ADLI Law Group*
*444 South Flower St., Ste. 3100*
*Los Angeles, CA 90071*

*Firstlease, Inc.*
*c/o Hemar, Rousso & Head, LLP*
*15910 Ventura Blvd., 12th Fl.,*
*Encino, CA 91436*

*Firstlease, Inc.*
*1 Walnut Grove Dr., Ste. 300*
*Horsham, PA 19044 (Address from POC)*

*Libertas Funding LLC*
*382 Greenwich Ave*
*Greenwich, CT 06830*

*On Deck Capital*
*4201 Wilson Blvd., Ste. 110-209*
*Arlington, VA 22203*

*Pawnee Leasing Corporation*
*700 Centre Ave*
*Fort Collins, CO 80526*

*Pawnee Leasing Corporation*
*3801 Automation Way, Ste. 207*
*Fort Collins, CO 80525 (Address from POC)*

## 20 LARGEST UNSECURED CREDITORS:

City of Vernon
4305 Santa Fe Ave
Los Angeles, CA 90058

Platinum Rapid Funding Group, Ltd.
348 RXR Plaza
Uniondale, NY 11566

Windset Capital Corporation
4168 West 12600 South, 2nd Floor
Herriman, UT 84096

Jon-Don
400 Medinah Rd.
Roselle, IL 60172

PC Procrete Resources
2990 Red Hill Ave Unit C
Costa Mesa, CA 92626 (Address from POC)

MCI Foods Inc.
c/o Richard J. Cowles, Esq.
California Land Law
400 Oceangate Ste. 800
Long Beach, CA 90802

Second Chance Funding
461 Van Brunt St.
Brooklyn, NY 11231

Cardinal Equity, LLC
30 Wall St., 8th Fl.
New York, NY 10005 (Address from POC)

Altus
2400 Veterans Memorial Blvd., Ste.
Kenner, LA 70062

Kearns, Brinen and Monaghan, Inc.
20 E. Divisions St.. 2nd Fl
Dover, DE 19901

National Liability & Fire Insurance
20 E. Division Street. 2nd Floor
Dover, DE 19901

Firstlease, Inc.
c/o Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Fl
Encino, CA 91436

The LFC Group/ Last Chance Funding
411 Hempstead Turnpike
West Hempstead, NY 11522

Wesco Insurance
c/o McCarthy. Burgess, Wolff
26000 Cannon Rd.
Cleveland, OH 44146

California Internet, L.P. dba GEO
dba GeoLinks
251 Camarillo Ranch Rd.
Camarillo, CA 93102 (Address from POC)

Avon Rent-a-Car
7080 Santa Monica Blvd.,
Los Angeles, CA 90038

Barclays Bank
10250 Constellation Blvd., #25
Los Angeles, CA 90067

ADP
PO Box 12513
1851 N Rester Dr.
El Paso, TX 79912

Liberty Mutual
175 Berkerly St.
Boston, MA 02116

PLS Check
800 Jorie Blvd., Ste. 200
Oak Brook, IL 60523


**_OTHER INTERESTED PARTIES:_**

ADP
400 Covina Blvd.,
San Dimas, CA 91773

AM Trust North America
c/o Maurice Wutscher LLP
23611 Chargin Blvd., Ste. 207
Beachwood, OH 44122

American Contractors Indemnity Co
801 S. Figueroa Ste., 700
Los Angeles, CA 90017 (Address from POC)

Appalachian Insurance Services
800 Oak Ridge Turnpike Ste. A-1000
Oak Ridge, TN 37830

Berkovitch & Bouskila, PLLC
Attn: Ariel Bouskila, Esq.
80 Broad St., Ste. 3303
New York, NY 10004

Cardinal Equity, LLC
c/o Mitchell Segal, Esq.
1010 Northern Blvd., Ste. 208
Great Neck, NY 11021

Dave Richmond
3301 Keeshen Dr.
Los Angeles, CA 90064

Case 2:20-bk-20257-SK    Doc 72    Filed 06/02/21    Entered 06/02/21 15:04:26    Desc
Main Document    Page 9 of 9

*ERC*
*8014 Bayberry Rd.*
*Jacksonville, FL 32256*

*Franchise Tax Board*
*Bankruptcy Section, MS: A-340*
*P O Box 2952*
*Sacramento, CA 95812-2952*

*GB Collects, LLC*
*1253 Haddonfield Berlin Rd.*
*Voorhees, NJ 08043-4847*

*IRS*
*P.O. Box 7346*
*Philadelphia, PA 19101 (Address from POC)*

*National Liability & Fire*
*PO Box 113247*
*Stamford, CT 06911*

*Penta Pacific*
*c/o Greg Jenkins*
*9500 Norwalk Blvd*
*Santa Fe Springs, CA 90670*

*ROJ Equity, LLC*
*352 7th Ave., Ste 907*
*New York, NY 10001*

*Suretec Indemnity Company*
*Attn: John Knox, Chairman and CEO*
*1330 Post Oak Blvd., Ste 1100*
*Houston, TX 77056-3309*

*Wesco Insurance Co.*
*800Superior Ave E. 21st Fl*
*Cleveland, OH 44114*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (specify): **DEBTOR REDRHINO: THE EPOXY FLOORING COMPANY INC'S MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL KENEALY AND SOFYA DAVTYAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 6/2/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Subchapter V Trustee: Gregory Kent Jones (TR)    gjones@sycr.com,
smjohnson@sycr.com;C191@ecfcbis.com
U.S. Trustee Ron Maroko    ron.maroko@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On 6/2/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Gregory Kent Jones (TR) Sub V Trustee**
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067

US Trustee
Attn: Ron Maroko
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/2/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/2/2021 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

SECURED CREDITORS:

1 West Capital LLC
1250 E. Hallandale Beach Blvd., Ste. 903
Hallandale, FL 33009

Firstlease, Inc.
1300 Virginia Dr., Ste., 450
Fort Washington, PA 19034

Firstlease, Inc.
c/o ADLI Law Group
444 South Flower St., Ste. 3100
Los Angeles, CA 90071

Firstlease, Inc.
c/o Hemar, Rousso & Head, LLP
15910 Ventra Blvd., 12th Fl.,
Encino, CA 91436

Firstlease, Inc.
1 Walnut Grove Dr., Ste. 300
Horsham, PA 19044 (Address from POC)

Libertas Funding LLC
382 Greenwich Ave
Greenwich, CT 06830

On Deck Capital
1400 Broadway, Ste. 2500
New York, NY 10018

On Deck Capital
4201 Wilson Blvd., Ste. 110-209
Arlington, VA 22203

Pawnee Leasing Corporation
700 Centre Ave
Fort Collins, CO 80526

Pawnee Leasing Corporation
3801 Automation Way, Ste. 207
Fort Collins, CO 80525 (Address from POC)

20 LARGEST UNSECURED CREDITORS:

City of Vernon
4305 Santa Fe Ave
Los Angeles, CA 90058

Platinum Rapid Funding Group, Ltd.
348 RXR Plaza
Uniondale, NY 11556

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Windset Capital Corporation
4168 West 12600 South, 2nd Floor
Herriman, UT 84096

Jon-Don
400 Medinah Rd.
Roselle, IL 60172

PC Procrete Resources
2990 Red Hill Ave Unit C
Costa Mesa, CA 92626 (Address from POC)

MCI Foods Inc.
c/o Richard J. Cowles, Esq.
California Land Law
400 Oceangate Ste. 800
Long Beach, CA 90802

Second Chance Funding
461 Van Brunt St.
Brooklyn, NY 11231

Cardinal Equity, LLC
30 Wall St., 8th Fl.
New York, NY 10005 (Address from POC)

Altus
2400 Veterans Memorial Blvd., Ste.
Kenner, LA 70062

Kearns, Brinen and Monaghan, Inc.
20 E. Divisions St., 2nd Fl
Dover, DE 19901

National Liability & Fire Insurance
20 E. Division Street, 2nd Floor
Dover, DE 19901

Firstlease, Inc.
c/o Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Fl
Encino, CA 91436

The LCF Group/Last Chance Funding
411 Hempstead Turpike
West Hempstead, NY 11552

Wesco Insurance
c/o McCarthy, Burgess, Wolff
26000 Cannon Rd.
Cleveland, OH 44146

California Internet, L.P. dba GEO
dba GeoLinks
251 Camarillo Ranch Rd.
Camarillo, CA 93012 (Address from POC)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Avon Rent-a-Car
7080 Santa Monica Blvd.,
Los Angeles, CA 90038

Barclays Bank
10250 Constellation Blvd., #25
Los Angeles, CA 90067

ADP
PO Box 12513
1851 N Rester Dr.
El Paso, TX 79912

Liberty Mutual
175 Berkerly St.
Boston, MA 02116

PLS Check
800 Jorie Blvd., Ste. 200
Oak Brook, IL 60523

OTHER INTERESTED PARTIES:

ADP
400 Covina Blvd.,
San Dimas, CA 91773

AM Trust North America
c/o Maurice Wutscher LLP
23611 Chargin BLvd., Ste. 207

American Contractors Indemnity Co
801 S. Figueroa Ste., 700
Los Angeles, CA 90017 (Address from POC)

Appalachian Insurance Services
800 Oak Ridge Turnpike Ste. A-1000
Oak Ridge, TN 37830

Berkovitch & Bouskila, PPLC
Attn: Ariel Bouskila, Esq.
80 Broad St., Ste. 3303
New York, NY 10004

Cardinal Equity, LLC
c/o Mitchell Segal, Esq.
1010 Northern Blvd., Ste. 208
Great Neck, NY 11021

Dave Richmond
3301 Keeshen Dr.
Los Angeles, CA 90064

ERC
8014 Bayberry Rd.
Jacksonville, FL 32256

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Franchise Tax Board
Bankruptcy Section, MS: A-340
P O Box 2952
Sacramento, CA 95812-2952

GB Collects, LLC
1253 Haddonfield Berlin Rd.
Voorhees, NJ 08043-4847

IRS
P.O. Box 7346
Philadelphia, PA 19101 (Address from POC)

National Liability & Fire
PO Box 113247
Stamford, CT 06911

Penta Pacific
c/o Greg Jenkins
9500 Norwalk Blvd
Santa Fe Springs, CA 90670

ROJ Equity, LLC
352 7th Ave., Ste 907
New York, NY 10001

Suretec Indemnity Company
Attn: John Knox, Chairman and CEO
1330 Post Oak Blvd., Ste 1100
Houston, TX 77056-3309

Wesco Insurance Co.
800 Superior Ave E. 21st Fl
Cleveland, OH 44114

AM Trust North America
PO Box 650872
Dallas, TX 75265-0872

Americredit Financial Service DBA GM Finan
PO Box 183853
Arlington, TX 76096-3853

American Contractors Indemnity Co.
333 W. Hapden Ave, Ste. 815
Emglewood, CA 80110-2338

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**