MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
Michael.berger@bankruptcypower.com
Sofya.davtyan@bankruptcypower.com

Attorneys for Debtor and Debtor-in-Possession
RedRhino: The Epoxy Flooring Company Inc.

**FILED & ENTERED**

**JUN 29 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** may **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

REDRHINO: THE EPOXY FLOORING

COMPANY, INC.,

Debtor-in-Possession.

CASE NO.: 2:20-bk-20257-SK

Chapter 11

**ORDER GRANTING MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION**

Plan Confirmation Hearing:
Date:          June 23, 2021
Time:          9:00 a.m.
Courtroom:   1575 [via ZoomGov]
255 East Temple Street
Los Angeles, CA 90012

The hearing on confirmation of the Subchapter V Chapter 11 Plan of Reorganization filed on March 31, 2021 as Docket No.: 49 (hereinafter the "Plan") by the Debtor and Debtor-in-Possession, REDRHINO: THE EPOXY FLOORING COMPANY, INC. (hereinafter the "Debtor"), came on regularly for hearing on June 23, 2021 at 9:00 a.m., before the Honorable Sandra R. Klein, United States Bankruptcy Judge.

Appearances were stated on the record.

Upon consideration of the Debtor's Plan [docket no.: 49], the Motion to Confirm Debtor's Plan [docket no.: 74, as amended by docket no.: 78], the Summary of Ballots [docket no.: 75], the evidence submitted in connection therewith, the record in the Debtor's Chapter 11 case, the arguments and representations of Debtor's Counsel, and good cause appearing therefor, the Court finds:

1. That the requirements for confirmation set forth in 11 U.S.C. §1129 (a) and (b), where applicable, have been satisfied;

2. That the Plan complies with the applicable provisions of Title 11 (§1129(a)(1));

3. That the Debtor, as proponent of the Plan, has complied with the applicable provisions of Title 11 (§1129(a)(2));

4. That the Plan has been proposed in good faith and not by any means forbidden by law (§1129(a)(3));

5. The debtor has disclosed to the court any payment made for services rendered or for costs and expenses incurred in connection with the case or the plan and such payments have been approved by, or are subject to the approval of, the court as reasonable (§1129(a)(4));

6. The debtor has disclosed the identity, affiliations and compensation of individuals proposed to serve as officers and directors of the debtor after confirmation and the continuances in such offices by such individuals is consistent with the interests of creditors and equity security holders and with public policy (§1129(a)(5));

7. To the extent the debtor is subject to the jurisdiction of any regulatory commission, any rate change provided in the plan has been approved by, or is subject to the approval of, such regulatory commission(§1129(a)(6));

8. Each holder of a claim or interest in an impaired class has either accepted the plan or will receive or retain under the plan on account of such claim or interest, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 (§1129(a)(7));

9. Each class of claims or interests has either voted to accept the plan or is not impaired under the plan (§1129(a)(8));

10. The treatment of administrative expenses and priority claims under the plan complies with the provisions of §1129(a)(9);

11. If a class of claims is impaired under the plan, at least one (1) impaired class of claims has accepted the plan, determined without including the acceptances of any insiders holding claims in such class (§1129(a)(10));

12. Confirmation of the plan is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor (§1129(a)(11));

13. The plan provides for payment on the effective date of all fees payable under 28 U.S.C. §1930 (§1129(a)(12));

14. That with respect to Class 2(B) and Class 3, which did not submit any ballots and are therefore deemed to have rejected the Plan, the requirements of §1191(b) are satisfied;

IT IS ORDERED THAT:

1. The Plan filed by the Debtor is hereby confirmed and approved by this Court;

2. Debtor is eligible for a discharge when the plan is completed;

3. The Court will retain jurisdiction over this bankruptcy case until a Final Decree is entered by the Court;

4. The requirement pursuant to Federal Rules of Bankruptcy Procedure 3020(e) that the order confirming the Plan be stayed until the expiration of 14 days after the entry of the order is waived;

5. Upon the substantial consummation of the Plan, the Debtor shall file an Application for a Final Decree as required by Federal Rule of Bankruptcy Procedure 3022;

6. The Effective Date, as defined in the Plan, shall be the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan, with payments beginning by the first day of the following month.

7. Costs owed by the Debtor to the Court Clerk, if any, shall be paid forthwith if not already paid;

8. A Post-Confirmation Status Conference re Chapter 11 Plan will take place on **December 15, 2021 at 9:00 a.m.**; and

9. The Debtors must file a Post Confirmation Status Report no later than **December 1, 2021** explaining what progress has been made toward consummation of the confirmed Plan of Reorganization. The Post Confirmation Status Report must be served on the Court, the United States Trustee, the twenty (20) largest unsecured creditors, and those parties who have requested special notice. The Post Confirmation Status Report shall include a declaration from the Debtors and shall contain at least the following information:

a)   A schedule listing for each debt and each class of claims; the total amount required to be paid under the Plan; the amount required to be paid as of the date of the Post Confirmation Status Report; the amount actually paid as of the date of the Post Confirmation Status Report; and the deficiency, if any, in required payments;

b) A schedule of any and all post confirmation tax liabilities that have accrued or came due, and a detailed explanation of payments thereon;

c) An estimate of the date for Plan consummation and application for Final Decree; and

d) Any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

IT IS SO ORDERED.

###

Date: June 29, 2021

Sandra R. Klein
United States Bankruptcy Judge